IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HELEN REBOK, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-02-88 |
| | § | |
| MARCI DEJULIO, individually and as | § | |
| representative of NATIONSCREDIT | § | |
| FINANCIAL SERVICES | § | |
| CORPORATION AND NATIONS | § | |
| CREDIT FINANCIAL SERVICES | § | |
| CORPORATION | § | |
| Defendants. | § | |

## DEFENDANT NATIONSCREDIT FINANCIAL SERVICES CORPORATION'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

Defendant NationsCredit Financial Services Corporation ("NationsCredit") submits this its Motion to Dismiss the claims made by Plaintiff Helen Rebok ("Rebok" or "Plaintiff") in Plaintiff's Original Petition, Jury Demand, and Request For Disclosure (the "Original Petition") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As shown below, the claims discussed must be dismissed because the pleading fails to state a claim upon which relief can be granted.

I.  **FACTUAL BACKGROUND**

Plaintiff entered into a Home Equity Loan transaction (the "Contract") with Defendant NationsCredit in or around August of 1998. Plaintiff defaulted on her loan payments and NationsCredit exercised its foreclosure rights pursuant to the mutually executed Contract. Plaintiff alleges that she was legally blind at the time she entered into the Contract and that the representative

of NationsCredit did not read or explain the Contract terms to her. Because of this Plaintiff believes she does not have to honor the terms of the Contract.

Plaintiff filed this suit in the 357th District Court of Cameron County, Texas on April 5, 2002, alleging multiple causes of action which include Texas Common Law Fraud failure to comply with provisions of the Texas Constitution and violations of the Texas Deceptive Trade Practices Act. On May 6, 2002, NationsCredit removed the suit to this Court based upon diversity of citizenship.

## II. PLAINTIFF'S COMMON LAW FRAUD CLAIM AND CLAIM PURSUANT ART. XVI, § 50(a)(6)(B) OF THE TEXAS CONSTITUTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff bases her common law fraud cause of action and claim pursuant to Art. XVI § 50 of the Texas Constitution on allegations that "[T]he terms of the home equity loan were never read to her or explained to her...," Original Petition at Paragraph 6, and that "the terms of the loan were not properly represented to the Plaintiff and the home equity loan exceeds 80% of the fair market value of the homestead." Original Petition at Paragraph 12. The elements of common law fraud under Texas law are (1) a material representation was made that was false, (2) that it was either known to be false when made or was asserted without knowledge of its truth, and (3) that it was intended to be acted on, was relied on, and caused injury. *Amouri v. Southwest Toyota, Inc. d/b/a Sterling McCall Toyota,* 20 S.W.3d 165, 168 (Tex. App. –Texarkana 2000, pet. denied) (citing *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex. 1998); *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 688-689 (Tex. 1990)). Silence can only be the equivalent of a false misrepresentation when circumstances impose a duty to speak. *Spoljaric v. Percival Tours,* 708 S.W.2d at 432, 435 (Tex. 1986).

Federal Rule of Civil Procedure 9(b) requires all circumstances be stated with particularity when fraud is alleged. Pleading fraud in the Fifth Circuit requires the time, place, contents of the false representation, the identity of the person making the misrepresentation, and what was obtained from the person making the false representation to be included in the petition. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Plaintiff's Original Petition fails to accurately plead fraud as required by the federal courts. Plaintiff fails to allege the contents of any misrepresentation or any concealment by NationsCredit's representative. Moreover, Plaintiff fails to include what NationsCredit obtained from the alleged fraud. Therefore, Plaintiff's fraud claim should be dismissed for failure to state a claim upon which relief can be granted.

Moreover, as Plaintiff fails to plead a material misrepresentation upon which she relied, it must be assumed she is attempting to allege that NationsCredit committed fraud by silence - the silence being not reading the contract to Plaintiff. As explained by the *Spoljaric* court, silence can only amount to misrepresentation when an independent duty arises.

The provisions of the Texas Constitution state very specifically and in detail what information must be disclosed by a lender to a borrower prior to the closing of a home equity loan. For example, Tex. Const. Art. XVI, § 50(g) provides for a mandatory notice that must be provided to the borrower <u>twelve days</u> before the loan closing which notifies the borrower of the terms and conditions of the prospective loan. *See Stringer v. Cendant Mortgage Corp.*, 23 S.W.3d 353, 357 (Tex. 2000). No where in the Texas Constitution is an additional duty placed on the lender to otherwise read or explain the loan documents. Plaintiff does not allege NationsCredit failed to provide any Constitutionally mandated disclosures and therefore there can be no failure to comply with any duty imposed by statute.

Moreover, Plaintiff alleges the principle amount of the loan is more than eighty percent (80%) of the fair market value of the homestead. Original Petition at Paragraph 15(1). Art. 16, § 50(a)(6)(Q)(ix) of the Texas Constitution requires "... the owner of the homestead and the lender [to] sign a written acknowledgment as to the fair market value of the homestead property on the date the extension of credit is made." As stated above, Plaintiff does not allege she was not provided with or did not sign an acknowledgement agreeing to the fair market value of the property. Therefore, a presumption can be made that NationsCredit and Plaintiff agreed upon the fair market value of the property when such acknowledgment was executed, and that they agreed, as required by the Texas Constitution, that the amount of the loan was less than eighty percent (80%) of the fair market value. Therefore, Plaintiff's claim violation of Tex. Const. Art. XVI, § 50(a)(6)(B) should be dismissed for failure to state a claim upon which relief can be granted.

Alternatively, Plaintiff appears to allege that her legally blind status gives rise to a common law duty on NationsCredit's part to read the documents to her. To the extent Plaintiff's blindness prevented her from being able to read the contract, her position would be the equivalent to that of an illiterate individual. Therefore, in entering into a contract with Plaintiff, NationsCredit would presumably have the same duties as it would when entering into a contract with a person who was illiterate.

Texas law clearly states that illiteracy will not relieve a party from the consequences of executing a contract. *Amouri v. Southwest Toyota, Inc. d/b/a Sterling McCall Toyota,* 20 S.W.3d at 168; *Reyes v. Storage & Processors, Inc.,* 995 S.W.2d 722, 725 (Tex. App. –San Antonio 1999, pet. denied); *Nguyen Ngoc Giao v. Smith & Lamm, P.C.,* 714 S.W.2d 144, 146 (Tex. App. –Houston [1st Dist.] 1986, no writ) (citing *Associated Employers Lloyds v. Howard,* 156 Tex. 277, 281, 294

S.W.2d 706, 708 (1956); *Indem. Ins. Co. of N. Am. v. W.L. Macatee & Sons,* 129 Tex. 166, 170-171, 101 S.W.2d 553, 556 (1937)). If a person signs a contract that person is presumed to have read and understood the contract. Therefore, if a person is unable to read a contract that person must have the contract read to him. *Vera v. N. Star Dodge Sales, Inc.,* 989 S.W.2d 13, 17 (Tex. App. –San Antonio 1998, no pet.); *Brown v. Aztec Rig Equipment, Inc.,* 921 S.W.2d 835, 846 (Tex. App. –Houston [14th Dist.] 1996, writ denied). The *Amouri* court states "the general rule is that every person who has the capacity to enter into a contract is held to know what words were used in the contract, to know their meaning, and to understand their legal effect . . . except where the execution of the contract is procured by fraud." *Amouri v. Southwest Toyota, Inc. d/b/a Sterling McCall Toyota,* 20 S.W.3d at 169.

Based on general contracting principles, NationsCredit did not have a duty to read the Contract to Plaintiff. The duty fell on Plaintiff to have someone read the Contract to her if she was unable. *Vera v. N. Star Dodge Sales, Inc.,* 989 S.W.2d at 17. Plaintiff's attempts to plead fraud based upon the allegation that the Plaintiff is legally blind and NationsCredit's representative did not read the Contract to her are legally unsupported. The courts clearly state that Plaintiff had a duty to have someone read the contract to her. *Id.* Therefore, Plaintiff's allegation does not amount to concealment, and thereby fraud, because NationsCredit did not have a duty to read the contract to Plaintiff.

Plaintiff's fraud and Texas Constitutional claims should be dismissed for failure to state a claim upon which relief can be granted as her pleading fails to establish the requisite elements for those causes of action.

### III. PLAINTIFF'S DECEPTIVE TRADE PRACTICES CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

To allege a Deceptive Trade Practices Act ("DTPA") claim, the alleging party must qualify as a consumer as it is defined by the act. To qualify as a consumer pursuant to its definition under the DTPA, a party must (i) seek to acquire goods or services by lease or purchase, and (ii) said goods and services must form the basis of the party's complaint. *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 133 (Tex. App. –Corpus Christi 2001, no pet). Plaintiff pleads that NationsCredit violated the DTPA with regards to a home equity loan transaction. The Texas Supreme Court has held, however, in *Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980), that a person entering a loan agreement does not seek to acquire, through purchase or lease, any goods or services as is required to allege a Deceptive Trade Practice violation. The Fifth Circuit has upheld *Riverside* stating "a pure loan transaction lies outside the DTPA based on the logic that money is neither a good nor service." *Walker v. Fed. Deposit Ins. Corp., etc. et al*, 970 F.2d 114, 123 (5th Cir. 1992). Based upon the above case law, Plaintiff cannot state a claim for relief under the DTPA because Plaintiff does not meet the first prong of the definition of consumer. Plaintiff entered into the Contract for the purpose of acquiring a loan of money. The courts have been very clear in their holdings that a loan of money is neither a good or service. To be a consumer Plaintiff must be looking to acquire or lease a good or service. Therefore, based upon *Riverside* and *Walker* Plaintiff does not meet the definition of consumer, and thereby does not have a viable DTPA claim.

The *Walker* opinion acknowledges that there is one exception to the above stated general rule, however this exception does not include the present situation. The courts have agreed that a DTPA claim is viable when the financing arranged is merely the means for making a purchase.

*Knight v. Int'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982). The goods or services sought by the borrow, however, must form the basis for the DTPA complaint in order to fall under the above exception. *Walker v. Fed. Deposit Ins. Corp., etc. et al,* 970 F.2d at 123; *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705 (Tex. 1983) (stating the Flennikens did not seek to borrow money, they sought to buy a house ); *Knight v. Int'l Harvester Credit Corp.*, 627 S.W.2d 382 (Tex. 1982) (stating plaintiff sought loan in connection with purchasing dump truck and the two transactions were inextricably intertwined). The Plaintiff does not plead any facts which would support an allegation that the Contract was signed in order to make a specific purchase and that the DTPA claim arises out of that purchase. Hence, Plaintiff cannot avail herself to this exception.

Therefore, Plaintiff's DTPA claim should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

### III.   CONCLUSION

For all of these reasons, Defendant Nation Credit Financial Services Corporation requests that this Court grant this Rule 12(b)(6) motion and dismiss the claims asserted in Plaintiff's Original Petition.

Respectfully submitted,

_____
Jeffrey R. Seewald
State Bar No. 17986640
Federal I.D. No. 28500
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: 713/520-1900
Fax: 713/520-1025

*ATTORNEY FOR DEFENDANT NATIONSCREDIT FINANCIAL SERVICES CORPORATION*

OF COUNSEL:
MCGLINCHEY STAFFORD, PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002

## CERTIFICATE OF SERVICE

I, Jeffrey R. Seewald, do hereby certify that a true and correct copy of the foregoing Notice of Removal was mailed by certified mail, return receipt requested and sent by fax, on the 10th day of May, 2002 to the following counsel of record:

**John Ventura**
**The Law Offices of John Ventura. P.C.**
**62 E. Price Rd.**
**Brownsville, Texas 78521**
**Facsimile (956) 542-1478**

**Karen L. Kellett**
**The Kellett Law Firm**
**Founder Square**
**900 Jackson Street, Suite 120**
**Dallas, Texas 75202**
**(214) 744-3661**

_____
JEFFREY R. SEEWALD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HELEN REBOK,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. B-02-88 |
| MARCI DEJULIO, individually and as<br>representative of NATIONSCREDIT<br>FINANCIAL SERVICES<br>CORPORATION AND NATIONS<br>CREDIT FINANCIAL SERVICES<br>CORPORATION<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER

On this day, the Court considered Defendant NATIONSCREDIT FINANCIAL SERVICES CORPORATION's Motion to Dismiss the claims and causes of action of Plaintiff HELEN REBOK pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Court having considered the Motion, any response, and reply thereto, and having heard the arguments of counsel, if any, is of the opinion that the Motion should in all things be granted. It is therefore,

**ORDERED** that the 12(b)(6) Motion to Dismiss by Defendant NATIONSCREDIT FINANCIAL SERVICES CORPORATION shall be and is hereby in all things GRANTED, and all claims of Plaintiff HELEN REBOK, are hereby dismissed for failure to state a claim.

SIGNED _____, 2002.

_____
UNITED STATES DISTRICT JUDGE

69161/17336.0040